REDMANN, Judge.
Elle, Ltd. used its full name (and, after defendant began its business, “Elle” alone) as a registered trade name for its women’s apparel shop in the New Orleans French Quarter. It.now appeals from a judgment refusing injunction against Elle Est, Inc.’s use of “Elle Est” as a trade name for its women’s apparel shop 20 blocks away on St. Charles Avenue in New Orleans. We affirm.
Plaintiff’s legal argument is that the word elle (French for she) has been so appropriated by it as to have a widely accepted secondary meaning on account of which defendant may not use that word in its trade name Elle Est. Plaintiff argues that it should not have to prove fraud to prevail, as required in Straus Frank Co. v. Brown, 1964, 246 La. 999, 169 So.2d 77. There, Lake Auto Parts, of Lake Charles, La., was refused injunction against Lake Auto Supply, of Lake Arthur, La., 45 miles away-a decision plaintiff and amicus curiae criticize.
We follow Straus. Just as Lake was an appropriate reference to geography in Straus, elle (she) is an appropriate reference to the business conducted by defendant, the sale of female attire. Straus would not support a “Lake Auto Parts” (howsoever innocently and ignorantly named) in the next block from the earlier “Lake Auto Parts,” notwithstanding absence of proof of intent (beyond that arising from the name itself in such proximity). Straus must be read in its context of the mere use of a commonplace noun as a principal word in a three-word trade name for a similar business located rather far from the earlier user.
*1167 Our context is similar. New Orleans does have a French heritage and perhaps a substantial portion of its citizens with at least a smattering of French language from high school or college. In New Orleans, especially among the higher-income class both shops might attract, elle is known to be French for she. The very use of the word suggests the hope it will be understood. Would a “She Shop” (there is one in the New Orleans telephone directory) become so much the owner of “She” that “She Boutique” could be enjoined merely because of that word? Straus hints, obiter, that it could, if the intent were shown to deprive the first user of the common word of the benefits of its earlier enterprise, or to unfairly compete, or to deceive the public. But Straus does not imply that such a showing is always necessary, even in the case of unusual nouns (Plimsoll Club?) or aggregations (Seven Sisters Restaurant?).
There are obvious extremes of, on the one hand, clearly enjoinable imitation of firmly established trade names and the like, and, on the other hand, clearly not enjoinable use of everyday words that could not be appropriated except as part of a phrase. We conclude that the word elle (she), in New Orleans, although not an extreme case of an everyday word, is closer to the commonplace and is therefore not the property of its first user, and a second user cannot be enjoined in the absence of the intent required by Straus.
Affirmed.